# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 2:09-CR-202 JVB |
| | ) | |
| RONALD LOVE | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Renewed Motion for a Judgment of Acquittal on Count 2 of the Indictment, made during the Defendant's jury trial, on June 17, 2010.

At the close of the Government's evidence, the Defendant moved for a Judgment of Acquittal. The Court denied the motion as to both counts. The Defendant rested and renewed his motion for a judgment of acquittal. The Court denied the motion as to Count 1 and reserved decision on the motion, pursuant to Federal Rule of Criminal Procedure 29(b), as to Count 2. The jury returned a verdict of guilty as to both counts.

The Grand Jury charged the Defendant in a two-count Indictment: (1) knowingly and intentionally distributing five grams or more of crack cocaine, in violation of 21 U.S.C. §841(a)(1); and (2) knowingly and intentionally conspiring to knowingly and intentionally distribute crack cocaine, in violation of 21 U.S.C. § 846.

The evidence at trial established the following facts: On September 9, 2009, a confidential informant, Landen Cowart, set up a drug deal with the Defendant, and the two agreed upon a location to meet. When Cowart reached the location, Shelby Deloney, one of the co-defendants in this case, approached Cowart's car, and asked him, "You with Black?" Testimony at trial established that the Defendant was referred to by his nickname, "Black." Once

Cowart confirmed he was "with Black," the two exchanged money for drugs. A few days later, the Defendant called Cowart to tell him that one of his houses he used to sell crack was robbed, and the Defendant suspected Cowart of robbing it.

Shortly thereafter, Cowart and the Defendant set up another drug deal. On September 14, 2009, Cowart went to meet with the Defendant to purchase more drugs, and the FBI was monitoring the transaction. The Defendant had Cowart drive to a few different locations, but eventually, Cowart was told to wait right near a gas station located on the corner of 169th Street and Calumet Avenue in Hammond, IN. According to the testimony of Robert Acklin, another co-defendant, the Defendant had no intention of conducting a drug deal with Cowart, but instead wanted to rob him of his money to compensate for the drugs and money the Defendant believed Cowart stole from his drug house.

When Cowart arrived at the location near the gas station, the Defendant approached Cowart's car, and Cowart drove to a house nearby, parking the car in the driveway. Once inside the house, Cowart gave the Defendant his buy money in the kitchen, and the Defendant counted the money, while Acklin moved Cowart's car to the gas station so that Cowart could not escape the house. Cowart testified that the Defendant left the room, came back with two men (Deloney and Robert Acklin) and all three beat Cowart severely.[1]

Federal Rule of Criminal Procedure 29 requires a district court to determine there is sufficient evidence to sustain a conviction:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense

---

[1] Acklin testified that he never took part in the beating and instead was the lookout.

> for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

The Court of Appeals for the Seventh Circuit has stated that Federal Rule of Criminal Procedure 29 requires a defendant to overcome a difficult burden:

> In challenging the sufficiency of the evidence, [the defendant] bears a heavy, indeed, nearly insurmountable burden. A defendant challenging the sufficiency of the evidence must convince us that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt. Such a challenge leads to a reversal only if the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt.

*U.S. v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010) (citations and quotations omitted).

In order to sustain a conviction under 21 U.S.C. § 846, the government needed to prove beyond a reasonable doubt two elements: (1) that the conspiracy as charged in Count 2 existed; and (2) that the Defendant knowingly became a member of the conspiracy with an intention to further it. 7th Cir. Pattern Jury Instruction 5.08.

The Indictment included the "Manner and Means" of the conspiracy, which, among other details, alleged that the Defendant, Deloney, and Acklin acted in concert with each other to protect the Defendant's drug trafficking business. Similarly, the Government's theory of the case was that the Defendant, along with Deloney and Acklin, beat Cowart up in an effort to protect his drug trafficking business. The Defendant argues that the Government has failed to prove the elements of the offense and instead has "shoe-horned" a state crime of battery, attempted murder, robbery, or confinement into 21 U.S.C. § 846.

While much of the evidence against the Defendant was circumstantial, the Court concludes that the Government presented sufficient evidence in its case-in-chief to enable a reasonable juror to find the Defendant guilty beyond a reasonable doubt: The Defendant was the

target of an investigation, utilizing a confidential informant, Cowart. The Defendant operated a drug house in connection with his drug trafficking business, and the house was robbed of drugs and money sometime after the September 9, 2009, transaction with Cowart. The Defendant believed Cowart was responsible and that Robert Acklin agreed to help the Defendant get his money back from Cowart. On September 14, 2009, the Defendant arranged a meeting with Cowart for the purpose of setting up a fake drug deal and robbing Cowart of his buy money. The Defendant received the buy money from Cowart but never gave him the drugs in exchange. Acklin and Deloney entered the house and helped the Defendant rob Cowart of his money by beating him up.[2]

While the evidence that ties the Defendant's actions to a conspiracy to protect his drug operation is largely inferential, the Court concludes that, in viewing the evidence in the light most favorable to the Government, there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt on Count 2 of the Indictment. The Defendant's Motion for Judgment of Acquittal on Count 2 is DENIED.

SO ORDERED on June 24, 2010.

                                                                           s/ Joseph S. Van Bokkelen
                                                                           JOSEPH S. VAN BOKKELEN
                                                                           UNITED STATES DISTRICT JUDGE

---

[2] Or, at the very least, Acklin kept a lookout while the beating occurred.